# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-0507-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 7) |

　　　　Plaintiff Abdullah Naim Hafiz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the Magistrate Judge handling all matters in this action.  (ECF No. 5.)

　　　　Before the Court is Plaintiff's motion entitled "Motion for Order Granting Propria Persona Privileges."  (ECF No. 7.)  Plaintiff asks the Court to direct that he be allowed to have specified office supplies to litigate his case, copies of legal work sent to the Court and unmonitored, non-collect telephone calls once a week.  (Mot. at 2.)  The Court construes this as a motion for injunctive relief.  That motion is now before the Court.

　　　　Plaintiff is proceeding under his original Complaint to remedy alleged constitutional violations at Pleasant Valley State Prison ("PVSP") after he was transferred there in 2008.  (ECF No. 1.)

　　　　In the instant motion, Plaintiff alleges that PVSP's law library is not providing him with the supplies he should have as an individual proceeding *in forma pauperis*.  (Mot. at 1.)  Plaintiff asks for legal tablets, an eraser, pencils, pens, folders, paperclips, stamps,

1  envelopes, and a copy of the "Federal Rules of Court". (Mot. at 2.) He also asks for
2  unmonitored telephone calls and approval to maintain copies of his legal work to the Court.
3  (Id.)

4       Plaintiff's Complaint was filed against Defendants Yates, the warden at PVSP, and
5  Igbinosa, the chief medical officer at PVSP. (Compl. at 1.) It alleges violation of
6  unspecified Constitution provisions related to his contracting Valley Fever at PVSP.

7       The purpose of a preliminary injunction is to preserve the status quo if the balance
8  of equities so heavily favors the moving party that justice requires the court to intervene to
9  secure the positions until the merits of the action are ultimately determined. University of
10 Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a
11 plaintiff who "demonstrates either (1) a combination of probable success and the possibility
12 of irreparable harm, or (2) that serious questions are raised and the balance of hardship
13 tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).
14 Under either approach the plaintiff 'must demonstrate a significant threat of irreparable
15 injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success
16 on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of
17 success on the merits, or questions serious enough to require litigation." Id.

18      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the
19 Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461
20 U.S. 95, 102 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).
21 If the Court does not have an actual case or controversy before it, it has no power to hear
22 the matter in question. Id.

23      Plaintiff's Complaint arises out of his contracting Valley Fever at PVSP. (ECF No.
24 1.) That is the controversy pending before the Court. Any orders relating to maintaining
25 copies of his legal work, office supplies, or telephone access would not remedy the claim
26 upon which this action proceeds. The Court therefore lacks jurisdiction to issue the order
27 sought by Plaintiff.

28      Accordingly, the Court hereby DENIES Plaintiff's motion for "propria personoa

1 | privileges".
2 |
3 | IT IS SO ORDERED.
4 | Dated:   February 27, 2012              /s/ *Michael J. Seng*
5 |                                         UNITED STATES MAGISTRATE JUDGE