UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ, | CASE NO. 1:11-cv-0507-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES YATES, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Abdullah Naim Hafiz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

Plaintiff initiated this action on March 25, 2011.  (Compl., ECF No. 1.)  Plaintiff's Complaint is currently before the Court for screening.  No other parties have appeared in this action.  The Court finds that Plaintiff's Complaint fails to state a claim.  Plaintiff will be given leave to file an amended complaint.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## II.  SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of unspecified Constitutional rights. Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") where the events alleged in the Complaint occurred. Plaintiff names the following individuals as Defendants in this action: 1) James Yates, Warden at PVSP, and 2) Igbinosa, Chief Medical Officer at PVSP. Plaintiff asks for damages in the amount of ten million dollars.

Plaintiff alleges the following:

Plaintiff was transferred to PVSP from Wasco State Prison on August 16, 2008. Defendants Yates and Igbinosa were responsible for running PVSP and responsible for Plaintiff's health and safety. PVSP posed a threat to Plaintiff's health and safety.

While at PVSP, Plaintiff contracted coccidiaidomycosis, commonly known as "Valley Fever", a disease which can produce complications twenty years later. Plaintiff has had problems with breathing and has lost forty pounds. The disease has infected his bones and lung and left spots on his lungs and liver. This is a lifetime disease. Defendants are responsible for Plaintiff contracting the disease. Since contracting the disease, Plaintiff has become a diabetic.

///

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A. Personal Participation and Supervisory Liability

As currently plead, Defendants Yates and Igbinosa's are alleged to be liable for others' unconstitutional conduct merely because, as Warden and Chief Medical Officer, respectively, at PVSP, they were responsible for the acts of those under them.

However, under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at

1948–49.

Plaintiff has not alleged facts demonstrating that either of these Defendants personally acted to violate his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights.

**B.  Claims**

Plaintiff has not alleged a statutory basis for his claims and, thus, has not stated a cognizable claim. It appears that he may wish to allege an Eighth Amendment claim for inadequate medical care and for failure to protect. The standard for alleging such claims is set forth below. If Plaintiff elects to amend, he should use the standards set out below to guide him in trying to set out a cognizable claim for violations under the Eighth Amendment.

    1.  Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Medical" needs include a prisoner's "physical, dental, and mental health." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care.").

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a

prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

    2.  Failure to Protect

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no constitutional right, however, to enjoy a particular security classification or housing.  See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

### IV.  CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

1  "buckshot" complaints).

2      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
3  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
4  Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
5  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at
6  555 (citations omitted).

7      Finally, an amended complaint supercedes the prior complaint, Forsyth v.
8  Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and it must be "complete in itself without reference to the prior or
10 superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an
11 original complaint which are not alleged in an amended complaint are waived." King, 814
12 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981));
13 accord Forsyth, 114 F.3d at 1474.

14     Accordingly, it is HEREBY ORDERED that:

15     1.    The Clerk's Office shall send Plaintiff a complaint form;

16     2.    Plaintiff's Complaint, filed March 25, 2011, is dismissed for failure to state a
17         claim upon which relief may be granted under § 1983;

18     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall
19         file an amended complaint; and

20     4.    If Plaintiff fails to file an amended complaint in compliance with this Order,
21         this action will be dismissed, with prejudice, for failure to state a claim.

22
23
24 IT IS SO ORDERED.

25 Dated:   February 27, 2012       /s/ *Michael J. Seng*
   ci4d6                                        UNITED STATES MAGISTRATE JUDGE
26
27
28