1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ABDULLAH NAIM HAFIZ,

        Plaintiff,

    v.

JAMES YATES, et al.,

        Defendants.

_____/

1:11-cv-0507-LJO-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE AND FOR COUNSEL

(ECF No. 22)

      Plaintiff Abdullah Naim Hafiz ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 18, 2013, Plaintiff filed a motion seeking to disqualify the District Judge assigned to this action and requesting court-appointed counsel.  (ECF No.22.)

**I.**     **MOTION FOR RECUSAL**

      A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

      The objective test for determining whether recusal is required is whether a

1    reasonable person with knowledge of all the facts would conclude that the judge's

2    impartiality might reasonably be questioned.  Johnson, 610 F.3d at 1147 (quotation marks

3    and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008).  "Adverse

4    findings do not equate to bias."  Johnson, 610 F.3d at 1147.

5         In this instance, Plaintiff's only stated grounds  for recusal is his belief that the

6    assigned District Judge is allegedly more favorable to Defendants.  Plaintiff provides no

7    facts suggesting any basis for this belief. Plaintiff has presented nothing that would lead

8    a reasonable person to question the District Judge's impartiality.

9         Accordingly, Plaintiff's motion to disqualify the District Judge assigned to this matter

10   is DENIED.

11   **II.    MOTION FOR COUNSEL**

12        Plaintiff also requests that to be appointed counsel in this matter.

13        Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

14   v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

15   to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

16   Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

17        In certain exceptional circumstances the Court may request the voluntary assistance

18   of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a

19   reasonable method of securing and compensating counsel, the Court will seek volunteer

20   counsel only in the most serious and exceptional cases.   In determining whether

21   "exceptional circumstances exist, the district court must evaluate both the likelihood of

22   success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

23   of the complexity of the legal issues involved."  Id. (internal quotation marks and citations

24   omitted).

25        In the present case, the Court does not find the required exceptional circumstances.

26   Even if it is assumed that Plaintiff is not well versed in the law and that he has made

27   serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

28   This Court is faced with similar cases almost daily.  Further, at this early stage in the

1    proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on

2    the merits, and based on a review of the record in this case, the Court does not find that

3    Plaintiff cannot adequately articulate his claims.  Id.

4         For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED,

5    without prejudice.

6

7

8

9    IT IS SO ORDERED.

10   Dated:   January 29, 2013        _____ /s/ *Michael J. Seng* _____
                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28