# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ, | 1:11-cv-0507-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE AND FOR COUNSEL |
| v. | |
| JAMES YATES, et al., | (ECF No. 22) |
| Defendants. | |

Plaintiff Abdullah Naim Hafiz ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2013, Plaintiff filed a motion seeking to disqualify the District Judge assigned to this action and requesting court-appointed counsel. (ECF No.22.)

**I.    MOTION FOR RECUSAL**

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a

1  reasonable person with knowledge of all the facts would conclude that the judge's
2  impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks
3  and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008). "Adverse
4  findings do not equate to bias." Johnson, 610 F.3d at 1147.

5  In this instance, Plaintiff's only stated grounds for recusal is his belief that the
6  assigned District Judge is allegedly more favorable to Defendants. Plaintiff provides no
7  facts suggesting any basis for this belief. Plaintiff has presented nothing that would lead
8  a reasonable person to question the District Judge's impartiality.

9  Accordingly, Plaintiff's motion to disqualify the District Judge assigned to this matter
10 is DENIED.

11 **II.    MOTION FOR COUNSEL**

12  Plaintiff also requests that to be appointed counsel in this matter.

13  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand
14 v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney
15 to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District
16 Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

17  In certain exceptional circumstances the Court may request the voluntary assistance
18 of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a
19 reasonable method of securing and compensating counsel, the Court will seek volunteer
20 counsel only in the most serious and exceptional cases. In determining whether
21 "exceptional circumstances exist, the district court must evaluate both the likelihood of
22 success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light
23 of the complexity of the legal issues involved." Id. (internal quotation marks and citations
24 omitted).

25  In the present case, the Court does not find the required exceptional circumstances.
26 Even if it is assumed that Plaintiff is not well versed in the law and that he has made
27 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
28 This Court is faced with similar cases almost daily. Further, at this early stage in the

1 proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on
2 the merits, and based on a review of the record in this case, the Court does not find that
3 Plaintiff cannot adequately articulate his claims. Id.
4      For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED,
5 without prejudice.

9 IT IS SO ORDERED.

10 Dated:    January 29, 2013         /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE