# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>         Defendants.<br>_____ / | CASE NO.   1:11-cv-0507-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 15)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Abdullah Naim Hafiz ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action with a Complaint filed March 25, 2011. (ECF No. 1.) On February 28, 2012, the Court issued an order dismissing that Complaint with leave to amend. (ECF No. 9.) Plaintiff filed a First Amended Complaint on March 21, 2012. (Am. Comp., ECF No. 10.)  On June 29, 2012, the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(A)(a), and found that Plaintiff stated a cognizable Eighth Amendment claim against Defendants Yates and Igbinosa for not ensuring measures to mitigate the known increased risk of contracting coccidioidomycosis, also

known as "valley fever", at Pleasant Valley State Prison. (ECF No. 11.)

On September 21, 2012, Defendants Igbinosa and Yates filed a motion to dismiss on the grounds that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) and for lying under penalty of perjury under Fed. R. Civ. P. 41(b). (Defs.' Mot., ECF No. 15.) Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), Defendants notified Plaintiff of his rights and the requirements for opposing the motion. (Id.) Plaintiff filed an opposition on October 15, 2012. (Pl.'s Opp'n, ECF No. 16.) Defendants filed a reply on November 11, 2012. (Defs.' Reply, ECF No. 17.)[1]

Defendants' motion to dismiss is now ready for ruling pursuant to Local Rule 230(l).

## I.   **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by

---

[1] Plaintiff filed a supplemental opposition without the Court's permission. (ECF No. 18.) Plaintiff was not permitted to do this pursuant to Local Rule 230(l) and the Court will not consider this document in deciding Defendants' motion to dismiss.

submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[2] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

II. **ANALYSIS**

   A.   **Plaintiff's Claims**

The underlying events in Plaintiff's First Amended Complaint occurred at Pleasant Valley State Prison ("PVSP") where he has been housed since 2008. (Am. Compl. at 4.)

Plaintiff's allegations are as follows:

Plaintiff had several medical conditions prior his transfer to PVSP. (Am. Compl. at

---

[2] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

4.) After his transfer he contracted coccidioidomycosis, i.e., "valley fever". (Id.) Defendants were aware that PVSP had a problem with valley fever and that inmates needed to be screened before being housed at PVSP to ensure that those with a high risk of contracting valley fever were not transferred there. (Id.) Defendants did not train individuals to properly screen prisoners before they were transferred to PVSP. (Id. at 6.)

Plaintiff ultimately contracted valley fever while at PVSP. (Am. Compl. at 5-6.)

**B.  Defendants' Motion**

Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 41(b). Defendants argue that Plaintiff's First Amended Complaint should be dismissed because Plaintiff failed to file any grievances pertaining to the claims here and so failed to exhaust his administrative remedies as required by the PLRA. They also argue that it should be dismissed because he lied to the Court about his past litigation history.

1.  42 U.S.C. § 1997

Plaintiff was transferred to PVSP on December 16, 2008 and filed this action on March 25, 2011. (Am. Compl. at 4; ECF No. 1.) To have properly exhausted his claims, Plaintiff must have submitted an inmate appeal regarding his claims after December 16, 2008 and obtained a third level decision before March 25, 2011. (Id.)

During this time period, Plaintiff submitted several inmate grievances regarding valley fever, but did not exhaust any of the appeals to the third level. (Defs.' Mem. P. & A., ECF No. 15-1 at 2; Lozano Decl., ECF No. 15-3 at ¶ 8.) Plaintiff also failed to file any grievance regarding Defendants' alleged failure to provide adequate pre-transfer medical screening. (Defs.' Mem. P. & A. at 2.) Plaintiff did not complete an appeal regarding pre-transfer screening for valley fever to the third level. (Id.) Plaintiff filed the following appeals regarding the treatment he received after he contracted valley fever: (1) PVSP-27-14577; (2) IA-27-2010-15161; (3) PVSP-27-11-11170; (4) IA-27-2011-11377; and (5) IA-2011-11588. (Nesbit Decl., ECF No. 15-4 at ¶¶ 5-9, Ex. B-F.) None of these appeals were completed to the third level. Defendants also submit declarations from other individuals

that indicate Plaintiff did not exhaust his administrative remedies regarding valley fever pre-transfer screening. (See Lozano Decl., ECF No. 15-3 at ¶ 8-9; Zamora Decl., ECF No. 15-5 at ¶ 5-6; Foreman Decl., ECF No. 15-2 at ¶ 3-4.)

### 2. Federal Rule of Civil Procedure 41(b)

Defendants also argue that their motion should be granted pursuant to Fed. R. Civ. P. 41(b) because Plaintiff made false statements to the Court. (Defs.' Mem. P. & A. at 4.) Plaintiff filed a document with the Court in which he stated he had filed only one prior lawsuit when in reality he had filed ten. (Id.)

### C. Plaintiff's Opposition

Plaintiff has countered Defendants' history of his appeal numbered PVSP-27-11-11170. (Pl.'s Mem. P. & A. at 4.) He alleges that this appeal did deal with pre-transfer screening, but prison officials "obstructed delivery" of his appeal and prevented him from proceeding further. (Id. at 4-5.)

Plaintiff also argues that he mistakenly informed the Court about his prior litigation history because he did not have access to the proper technology that would have allowed him to discover this information. (Id. at 5-6.) Plaintiff alleges that this mistake was not intentional. (Id. at 6.)

### D. Defendants' Reply

Defendants argue that Plaintiff was not prevented from exhausting appeal PVSP-27-11-11170. The second level response to this appeal did not prevent him from appealing his grievance to the third level for exhaustion purposes. (Defs.' Reply, ECF No. 17 at 2.) Regardless, Plaintiff failed to exhaust appeal PVSP-27-11-11170 to the third level. (Id. at 3.)

### E. Discussion

Plaintiff's Eighth Amendment failure to protect claim was not properly exhausted.

Plaintiff's Eighth Amendment claim against Defendants Igbinosa and Yates for failing to ensure that Plaintiff was properly screened for risk of contracting valley fever prior to his transfer to PVSP does not appear to have been exhausted. Plaintiff failed to

properly raise his concerns in his grievances or exhaust any possibly related grievance to the correct level of review.

The grievances most closely on point are PVSP-27-11-11170 and IA-27-2010-15161. In PVSP-27-11-11170, Plaintiff asked for prisoners to be transferred *from* PVSP *after* they had contracted valley fever. (Nesbit Decl. at Ex. D.) Plaintiff did not raise any issues with PVSP's pre-transfer screening process. (Id.) Buried within one of the pages attached to IA-27-2010-15161, Plaintiff alleges Defendant Yates acted with deliberate indifference by allowing Plaintiff to be transferred to an area where valley fever was a danger. (Nesbit Decl. at Ex. C.) Plaintiff's Eighth Amendment claim against Defendants Igbinosa and Yates is premised on their failure to take protective measures. Looking at Plaintiff's appeal as a whole, neither appeal was sufficient for exhaustion purposes because Plaintiff did not throughly describe the problem he was concerned about and the remedy that he desired. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought"). Plaintiff's failure to describe the problem he encountered prevented these appeals from alerting the prison to the nature of the wrong, meaning that Plaintiff failed to exhaust his administrative remedies on his Eighth Amendment claim against Defendants Igbinosa and Yates for failing to protect him from valley fever.

In addition, Plaintiff failed to exhaust appeals PVSP-27-11-11170 and IA-27-2010-15161. PVSP-27-11-11170 appeal was denied at the first and second levels. (Nesbit Dec'l at Ex. D.) IA-27-2010-15161 was rejected at the first level of review due to its excessive length. (Id. at Ex. C.) Plaintiff did not submit PVSP-27-11-11170 to the third level of review or re-file IA-27-2010-15161 with the allowed number of pages. (Id. at ¶¶ 6-7.)

None of the other appeals submitted by the parties relate to Plaintiff's Eighth Amendment failure to protect claim and the majority of these appeals where not submitted to the third level of review. Plaintiff has failed to point to any additional appeals that relate to his underlying claim.

Plaintiff has not countered the Defendants' history of his administrative appeals.

Defendants have satisfied their burden of demonstrating that Plaintiff has failed to exhaust administrative remedies.  The Court thus recommends that Defendants' motion to dismiss be granted in its entirety and this action be dismissed without prejudice.[3]

### III. **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 15) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 30, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] The Court does not reach Defendants' Fed. R. Civ. P. 41(b) argument as it has decided Defendants' motion on other grounds.